BROWN, J., did not sit upon the hearing of this case.
APPEAL from W. R. Allen, J., May Term, 1909, of SAMPSON. (218)
The plaintiff sued to recover the value of a large amount of lumber which was alleged to have been destroyed by fire negligently communicated to it by an engine operated by the defendant on its branch line between Clinton and Warsaw, N.C. The defendant denied the negligent acts alleged against it. The particular negligence of the defendant alleged was the defective condition of the spark arrester on its engine. The following issues were submitted by his Honor and were answered as set out:
1. Did the defendant set fire to and burn the property of the plaintiff? Answer: Yes.
2. If so, was such burning caused by the negligence of the defendant? Answer: Yes.
3. If so, what damage is the plaintiff entitled to recover? Answer: $9,996.17.
Upon the verdict, judgment was rendered against the defendant, from which it appealed.
The facts are stated in the opinion of the Court.
The amount of lumber destroyed by the fire was nearly 700,000 feet. The plaintiff had manufactured it for market and had sold it, and its value at the place and time of destruction was $14.40 per 1,000 feet. The only seriously controverted question at the trial was whether the defendant's engine was the cause of the fire. There was upon this question much evidence, both for and against, and it presented simply a question of fact for the jury. It has been found adversely to the defendant; its determination was doubtful; the jury were the sole judges of the credibility of the witnesses, the weight to be given to their testimony and the inferences of fact to be drawn therefrom. They were the triers of the fact, and their finding is necessarily conclusive upon us, unless it was induced by evidence improperly admitted (219) or improperly excluded. His Honor properly placed the burden *Page 214 
of proof of each issue upon the plaintiff, and charged the jury that, before finding each affirmatively, they must be satisfied of the fact presented by the greater weight of the evidence. The assignment of error, most earnestly and with great learning and ability, pressed upon our attention, is taken to the exclusion of the following evidence: J. E. Huey, the engineer in charge of the engine alleged to have caused the fire, was offered by the defendant as a witness, and he testified, among other matters, as follows: "Engine had spark arrester in good condition, as far as I know. Do not examine unless engine begins to throw sparks. Wood sparks will burn better than coal. Wood will ignite farther from smokestack. . . . Had short train and was running about ten miles per hour when we passed the mill. With a spark arrester on engine, sparks will escape. If meshes are so small that no sparks could go through, train could not run. Saw spark arrester in this engine that day or day before. With a light or heavy wind, sparks could not go in front of train, but to rear. In light wind from south, sparks would go to one side. I claim to be an expert in running coal-burning engines. Have been running coal-burning engines for seven years." Witness was then asked "if from his experience and knowledge of the facts, as they existed when the train passed the mill, he could form an opinion satisfactory to himself as to how far a coal cinder or spark would float in the air, or be carried by the wind, and retain the power to ignite trash, shavings or other combustible matter." Witness answered, he could. Witness was then asked how far, in his opinion, a spark or cinder from the engine, when it passed the mill, could be carried. The answer to this question was, upon objection, excluded, and defendant excepted.
There was evidence offered showing that sparks in considerable volume escaped from the smokestack of the engine in use on the evening the plaintiff's property was destroyed, and were thrown from thirty-five to forty feet high, and were of the size of the finger nail of a man; that this was observed as the engine passed a shanty near the burned lumber; that fire had been communicated by this engine, on the day before, to property along the track as far as from sixty to one hundred and twenty-five feet; that at least three fires had, on that day and the day before, originated from sparks from this engine, near plaintiff's mill; that the season was dry, and on the night in question a wind was blowing; that on the day of the fire plaintiff had shut down its plant — one boiler at 12:30 p.m., the other at 3 p.m — and the fires had been raked into pits and water poured on them; that men had been at work (220) around the plant during the afternoon until dark, and no fire had been seen in the boiler pits or in the lumber; that there was fire in what was called "slab pits," or trash piles, but there was some difference of opinion as to its condition, some of the witnesses stating *Page 215 
that there were only coals in them, others that the fire was blazing; that one of these pits was north and the other west of the place where the fire caught; that the wind was blowing from west of south to east of north; that the fire caught between two piles of lumber, at a distance from the railroad track estimated from 108 to 180 feet; that the fire was discovered between one-half hour and one hour after the train passed, at 7 p. m. The grounds upon which this evidence of the witness Huey was excluded are not stated. If he was offered as an expert, then, upon objection, the preliminary question of his qualification as an expert ought to have been found by his Honor, at defendant's request. No request for a finding by his Honor upon this question appears from the record to have been made. The burden being upon the appellant to show prejudicial error, we cannot assume that his Honor, in this view, found the witness to be an expert, and then excluded the question and answer. In order that the witness might testify as an expert when objection is made, there must be either a finding by the court or an admission or waiver by the adverse party that the witness was so qualified. Neither appears in this record. This being an appellate court, for the review of errors, the appellant must show, where evidence is excluded, not only that the witness was found qualified to testify as to the particular matter, where a special qualification is necessary, but that the evidence excluded is itself competent; and when the evidence admitted is excepted to, this Court must assume that the preliminary fact of qualification was found by the court or admitted or waived, and the appellant must show that the evidence itself is incompetent. Britt v. R.R., 148 N.C. 37; Rogers on Expert Testimony, p. 8, sec. 3; Summerlin v.R. R., 133 N.C. 550.
The appellant, however, contends that the witness was qualified and the evidence competent as "opinion evidence." The rules governing the admissibility of this class of evidence and prescribing the qualification of witness competent to give it in evidence have been recently and fully considered by this Court in the following cases: Wilkinson v. Dunbar,149 N.C. 20; Myatt v. Myatt, 149 N.C. 137; S. v. Peterson, 149 N.C. 533;S. v. Banner, 149 N.C. 519; Britt v. R. R., 148 N.C. 37;Fire Setter Co. v. Whitehurst, 148 N.C. 446; Taylor v. Security Co.,145 N.C. 385; Davenport v. R. R., 148 N.C. 287; Wade v. Tel.Co., 147 N.C. 219; Whitfield v. R. R., 157 N.C. 236; Whitaker (221)v. Hamilton, 126 N.C. 465.
The courts are disposed with greater liberality to admit "opinion evidence" "when the witnesses have had personal observations of the facts and conditions, and from their practical training and experience are in a condition to aid the jury to a correct conclusion." Wilkinson v. Dunbar,supra. The witness Johnson, whose opinion was rejected by his Honor, upon objection, did not bring himself within the rule, for the *Page 216 
reason that he admitted he had no practical knowledge of the subject; was not at the mill when the train passed; did not know the course and velocity of the wind or where the fire started. The witness Huey was more nearly qualified; he was the engineer in charge of the engine; he had had an experience of seven years in running coal-burning engines; was running the engine that passed plaintiff's mill the evening of the fire; noticed there was some wind blowing; did not know where the fire started: had not examined the spark arrester; admitted that if fires were communicated the day before by sparks from engine to fields from 80 to 125 feet from right of way, as testified to by witnesses, the spark arrester was in bad condition; that it was not his rule and he did not examine the spark arrester unless engine began to throw sparks; did not observe that when train passed shanty near to and occupied by employees of plaintiff, sparks were flying from engine to a height of thirty-five or forty feet, as testified to by one witness; that sparks as large as a man's finger nail escaped from engine. All facts that were within his personal knowledge or observation his Honor permitted this witness to narrate, but excluded his opinion.
It will appear from this summary that the witness did not have that personal observation and knowledge of those facts and conditions required by the rule established in the cases above cited to make his opinion competent. Without this knowledge and observation, his opinion could have been of no aid to the jury in determining the fact to be tried by them. His opinion would have been speculative. The jury were to determine not merely the probability that the fire communicated to plaintiff's property by sparks from defendant's engine, but to determine the fact that this was true by the preponderance of proof. An examination of the many cases cited to us in the able and exhaustive briefs of counsel of the defendant convinces us that the rule established by the decisions of this Court is in harmony with the rule established by the well-considered opinions of other courts. As in Krippner v. Biebl, 28 Minn. 139, approved in Davidson v. R. R., 34 Minn. 51, it is held: "The fact (222) being material as to how far a fire in stubble land would be liable to `jump' a fire-break, under certain conditions of the wind and vegetation, it is competent for a witness, shown to have had actualknowledge of such conditions, and to have had sufficient experience withsuch fires, to give his judgment or opinion as to such fact." The principles governing the admissibility of such evidence are well stated in Rogers on Expert Testimony, pp. 7 and 8, as follows: "(a) It is competent for a witness to state his opinion in evidence when the primary facts on which it is founded are of such a nature that they cannot be adequately reproduced or described to the jury, so as to enable another than the actual observer to form an intelligent conclusion from them. *Page 217 
(b) And when the facts upon which the witness is to express his opinion are of such a nature that men in general are capable of comprehending and understanding them. If they are not of that nature, the opinion of ordinary witnesses cannot be received, but the opinions would have to come from men of science and skill." See, also, section 4, page 9. Many of the cases cited by appellant's counsel deal with evidence strictly expert and not "opinion evidence," and are not apposite to the present question. We cannot sustain the sixth and seventh exceptions, which were taken to the exclusion of the opinions of several witnesses, who were present during the fire, that it could not have been caused by sparks from the train engine. 1 Greenleaf Ev. (16 Ed.), sec. 441b; Smaltz v. Boyce, 109 Mich. 382; Hayriev. Baylor, 18 Tex. 498; R. R. v. Lawler, 40 Neb. 356; 58 N.W. 968;Frazier v. Tupper, 29 Vt. 409; Ferguson v. Habbell, 97 N.Y. 507;Summerlin v. R. R., 133 N.C. 550; Marks v. Cotton Mills, 135 N.C. 287.
We have carefully examined the other exceptions noted in the record and briefs, and we are unable to discover any error in his Honor's rulings prejudicial to the defendant. The charge of the learned judge was carefully prepared; the evidence, under proper instructions, was submitted to the jury to determine the facts; they have found them against the defendant, and no error in the trial is manifest to us.
No error.
BROWN, J., did not sit.
Cited: Harper v. Lenoir, 152 N.C. 730; Moffitt v. Smith, 153 N.C. 293;Deppe v. R. R., 154 N.C. 525; Boney v. R. R., 155 N.C. 105; Catonv. Toler, 160 N.C. 106, 107; Mule Co. v. R. R., ibid., 255; Boyd v.Leatherwood, 165 N.C. 617; Patton v. Lumber Co., 171 N.C. 839.
(223)