H. C. MOFFITT and DAVID J. LEWIS v. NARCISSA SMITH et al.

(Filed 26 October, 1910.)

1. Witnesses—Opinion Evidence—Experience—Weight.

One who has testified that the testatrix, in his opinion, had capacity to make the will caveated, may testify as to what he had observed as to the mental condition of another, who had suffered for many years from an attack similar to that of testatrix, when confined to the purpose of aiding the jury in considering the weight to be given his testimony; this being competent as "opinion evidence" as distinguished from "expert evidence."

2. Appeal and Error—Argument, Order of—Procedure.

The ruling of the lower court upon the right to open and conclude is not appealable by defendant when he has introduced evidence.

APPEAL by defendants from *W. R. Allen, J.,* at the April Term, 1910, of COLUMBUS.

*J. B. Schulken, Lyon & Greer, I. B. Tucker* for plaintiff.
*D. J. Lewis* for plaintiff H. C. Moffitt.
*John D. Bellamy & Son, Don Rackan* and *L. V. Grady* for defendant appellants.

CLARK, C. J. On the trial of the caveat to the will, it appeared that the testatrix had been stricken with paralysis. A non-expert witness testified that he thought she had the capacity to make a will. He was then allowed, over defendant's exception, to testify as to what he had observed as to the mental condition of the witness' father when also suffering for many years from a similar attack. This evidence was admitted "to show that the witness had experience in observing persons who had been paralyzed, and it was explained to the jury that it could not be considered for any other purpose."

In *Clary v. Clary,* 24 N. C., 78, it is held that any one, though not an expert, who has had an opportunity of knowing and observing a person whose sanity is impeached may give his opinion as to the sanity or insanity of such person. Certainly to give the jury information of the fact that the witness has had opportunity to observe the mental condition of another person, stricken likewise by paralysis, cannot be prejudicial. The jury were instructed that the witness was testifying, not as an expert, but from his own observation, of the mental condition of the testatrix, and his observation of the condition of his father was merely to aid the jury in considering the weight to be given to his testimony. This was competent as "opinion evidence"— as distinguished from "expert evidence." *Lumber Co. v. R. R.,* 151 N. C., 221, and cases there cited.

After full and careful consideration of the other exceptions we do not find that they require discussion. The tenth exception, that the court refused the caveators the right to open and conclude, was properly abandoned in this Court. The ruling as to the right to open and conclude is not appealable in any case in which the defendant has introduced evidence. Rule 6, Superior Court, 140 N. C., 679.

No error.