J. F. DEPPE, ADMINISTRATOR OF N. R. DEPPE, v. ATLANTIC
COAST LINE RAILROAD COMPANY.

(Filed 15 March, 1911.)

1. Railroads—Damages—Fire—Negligence.
    A railroad company is not liable in damages for a fire origi-
    nating off its right of way caused by a spark from its properly
    equipped locomotive properly managed by a competent engineer.

2. Same—Evidence, Nonexpert—Questions for Jury.
    In an action for damages caused by defendant's passing loco-
    motive emitting a spark which destroyed plaintiff's dry-kiln by
    fire, recovery was resisted upon the ground that the locomotive
    was properly equipped and handled, and that the fire originated
    within the kiln by the overheating of the steam pipes, and that
    heat ascends, and consequently fire would break out in the top
    of the kiln first: *Held*, the opinion of witnesses was incompe-
    tent as nonexpert evidence, which was to the effect that the
    pipes could not have caused the fire as stated, it being the very
    question the jury was to decide, and in which they could draw
    their own inferences from the evidence.

APPEAL from *Ward, J.,* at November Term, 1910, of CRAVEN.
Civil action to recover damages for burning a dry-kiln.

The usual issues were submitted. From a verdict and judg-
ment for plaintiff, the defendant appealed.

The facts are stated in the opinion of the Court by *Mr.
Justice Brown.*

*D. L. Ward, D. E. Henderson, E. M. Green, and Rodman
Guion for plaintiff.*
*Moore & Dunn for defendant.*

BROWN, J. This cause was before us at a former term,
upon appeal of plaintiff, and a new trial was ordered. It now
comes before us upon appeal of the defendant in a record con-
taining thirty-two assignments of error.

It is unnecessary to consider them all, as in our opinion a
new trial is necessary.

The dry-kiln was not on the right of way of the defendant,
and even if it caught fire from sparks from defendant's loco-

DEPPE *v.* RAILROAD.

motive, the defendant would not be liable, if the jury should find that the locomotive was equipped with a proper spark arrester and properly managed by a competent engineer.

The injury then would be *damnum absque injuria* and one incidental to the operation of railroads, which are a public necessity and operated for the public good.

We think his Honor's charge was clear and explicit upon this point, and generally free from error; but we think the exceptions of defendant, 2, 3, 4, and 5, to evidence received by the court, are well taken. These are all addressed to the admission by the court of opinion evidence as to how the fire originated, and each of the questions to which these exceptions are noted are similar in form, and the questions asked and the answers thereto, to which the exceptions are directed, are considered together. The witnesses were asked substantially if they were able to form an opinion satisfactory to themselves as to whether or not the steam pipes filled with steam running into the dry-kiln set it on fire, and they were permitted to give their opinions on this vital question.

The defendant relies on two defenses: (1) That its engine was properly equipped with a spark · arrester and properly handled, and if the fire was caused by a spark from its engine it would not be liable. (2) That as a matter of fact, the kiln was fired from local causes not connected in any way with defendant's engine.

In support of this last contention defendant had two theories, one of which was that the kiln probably was burned from overheating by the steam pipes; that heat ascends, and consequently the fire would break out in the top of the kiln first.

The very matter upon which the witnesses were permitted to express an opinion was essentially a matter for the jury. It was their province to draw the inferences from facts in evidence, and not the province of the witnesses.

The evidence admitted was not "expert testimony" in any sense, as the facts are such that one person may as well draw conclusions from them as another. Neither can it be considered "a short-hand statement of a fact"—a term used by Mc-

Kelvey and other writers on opinion evidence. It was nothing more or less than the conclusion of a witness drawn from certain facts, which conclusion it was exclusively the province of the jury to draw.

The general rule is that the opinion of an ordinary witness is inadmissible on a question of law, or a question which it is for the jury to decide from the facts, or upon a, matter requiring-special knowledge or study, or upon a matter of speculation. Lawson on Expert and Opinion Ev. (2 Ed.), p. 557; *Smith v. Smith,* 117 N. C., 326; *Hoffman v. R. R.,* 51 Mo. Ap., 274. There is nothing to take this case out of that general rule. There are cases in our Reports where expert and nonexpert opinion evidence has been allowed, but all of them are easily distinguished from this. *Wilkinson v. Dunbar,* 149 N. C., 21; *Davenport v. R. R.,* 148 N. C., 294; *Lumber Co. v. R. R.,* 151 N. C., 221.

New trial.