L. B. CATON v. DANIEL TOLER.

(Filed 3 October, 1912.)

1. Witnesses, Nonexpert—Fire Damage—Evidence—Facts.

In an action for damages for the burning of plaintiff's land and timber, alleged to have been caused by the defendant's negligence, there was evidence that the fire broke out on plaintiff's lands after some low lightwood stumps, on the defendant's land, where he had been clearing it, had been burning and smoldering for twenty-four hours, about 44 yards from the nearest of these stumps: *Held*, it was competent for nonexpert witnesses, who were qualified from their own observation and experience, to testify as a statement of fact and relative to the inquiry, that lightwood stumps, under the conditions indicated, were not dangerous as to sparks and not likely to throw them any distance.

2. Witnesses—Evidence—Harmless Error—Appeal and Error.

A statement of a witness, that in his opinion sparks from the burning stump would not have carried 44 yards to plaintiff's

land where fire originated, will not in this case be held for reversible error: (1) Because the statement went beyond the import of the question asked, and there was no motion to strike it out. (2) Because the witness necessarily nullified the statement or rendered it harmless by immediately saying he had seen sparks from such stumps carry that far.

**3. Negligence—Fire Damage—Rule of Prudent Man—Interpretation of Statutes.**

In this action for damages for·the alleged negligent burning of plaintiff's land by the defendant, Revisal, sec. 3346, in reference to setting fire to woodland, does not apply (*Averitt v. Murrell*, 49 N. C., 322), and the rule of care required of the defendant to prevent the escape of the fire from his own land to that of plaintiff is the ordinary care that a reasonable and prudent person would have exercised under the existing or similar circumstances.

APPEAL by plaintiff from *Whedbee, J.,* at May Term, 1912, of CRAVEN.

Civil action to recover damages for alleged burning of plaintiff's land and timber by the negligence of defendant. There was verdict for defendant. Judgment, and plaintiff excepted and appealed.

*D. L. Ward and D. E. Henderson for plaintiff.*
*H. C. Whitehurst and R. E. Whitehurst for·defendant.*

HOKE, J.   There was evidence tending to show that defendant had been engaged in clearing a new-ground, burning it off and preparing the same for cultivation, and the fire complained of broke out on plaintiff's land after some low lightwood stumps in the clearing had been burning and smoldering for twenty-four hours, and same originated on plaintiff's land as far as 44 yards from the nearest of these stumps.

Objection was made that several witnesses were allowed to express the opinion that lightwood stumps under conditions indicated were ·not dangerous about sparks and not likely to throw them any distance. The witnesses·had personal knowledge of the facts and attendant circumstances involved in the statement and were shown to be qualified by observation and experience to give an opinion that would aid· the jury to a

correct conclusion, and we think the ruling of his Honor admitting the testimony is sustained by several decisions of the Court, as in *Murdock v. R. R.,* 159 N. C., 131; *Lumber Co. v. R. R.,* 151 N. C., 217; *Wilkinson v. Dunbar,* 149 N. C., 20, 28; *Tire Setter Co. v. Whitehurst,* 148 N. C., 446; McKelvey on Evidence, pp. 230-231; 1 Elliott, sec. 675.

McKelvey refers to this kind of testimony as follows: "Expert testimony as to facts is nothing more than ordinary testimony as to facts given by witnesses specially qualified by observation and experience to give it." And again, on page 231: "There are two classes of witnesses who are ordinarily spoken of as experts. The one embraces those persons who by reason of special opportunities for observation are in a position to judge of the nature and effect of certain matters better than persons who have not had opportunity for like observations. For example, one who has had opportunity to observe the running of railroad trains may testify as to the speed of an ordinary train. Such witnesses are really not experts in the strict sense of the term; they are only specially qualified witnesses." And further, p. 232: "Expert testimony as to facts really is no exception to the rule which excludes opinion evidence." And in this instance presented, while expressed in the form of opinion, the statement of these witnesses, "that smoldering lightwood stumps were not dangerous about sparks and not likely to carry them any distance," is the statement of a fact relevant to the inquiry.

The only part of the testimony here which has caused us any perplexity is that of the witness J. E. Whitford, who, going beyond the import of the general question, gave it as his opinion that such stumps were not likely to carry fire the 44 yards, the distance from the nearest stump to the origin of the fire on plaintiff's land. If this were objectionable, however (and this we do not decide), it should not be held for reversible error: (1) Because, as stated, going beyond the import of the question, there was no objection to the answer and no motion to strike out the testimony. (2) Because the witness immediately nullified the effect of his statement by saying that he had seen sparks go that far.

In *Lumber Co. v. R. R., supra,* the evidence was not received, but the case recognized the general principle adverted to, and the evidence was excluded because the witnesses were not cognizant of all the facts involved in the proposed statement. And in *Deppe's case,* 154 N. C., 523, the answer sought was a deduction of the witnesses from facts in evidence, and involving clearly an opinion of the witness on the very question the jury were called on to decide.

It was further objected that in preventing the escape of fire from his new-ground, his Honor only held defendant to the ordinary care of a reasonable and prudent person under the circumstances as they existed, plaintiff contending that in this respect defendant was under the absolute obligation to see that the fires were extinguished.

It may be well to note that on the facts in evidence the action cannot be sustained under section 3346 of the Revisal, giving a right of action when an owner sets out fire in his woods without giving written notice to adjoining proprietors. See *Averitt v. Murrell,* 49 N. C., 322.

This being true, we think the position insisted upon by plaintiff is entirely too exigent for the ordinary transactions of everyday life, and that the correct standard of duty is that adopted by the wise and learned judge who presided at the trial—the standard of a "reasonable and prudent man under conditions as they existed."

There is no error, and the judgment on the verdict is affirmed.

No error.