E. F. WATKINS v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 24 September, 1913.)

**Evidence — Witnesses—Opinion Upon the Facts—Experience and Observation.**

Where it is alleged that a passing locomotive of the defendant caused damage to plaintiff by setting fire to his land some distance off of the right of way by a spark from the engine, it is competent for a witness, who has had experience running locomotives using the same kind of fuel, to testify whether from his observation the engine, under the conditions, could have thrown a spark the distance stated.

APPEAL by defendant from *Bragaw, J.,* at March Term, 1913, of LEE.

*McIver & Williams, A. A. F. Seawell for plaintiff.*
*W. H. Neal for defendant.*

BROWN, J. Plaintiff sues to recover damages for negligently burning his timber by sparks escaping from a passing engine.

The fire started off the right of way, and, according to defendant's witness, 881 feet from the track. There was much evidence offered on both sides as to whether the fire originated from a spark from an engine.

Defendant offered one Holland, who testified that he reached the fire within five minutes after it started, at a point the above distance from the track; train had passed about an hour previous; that he had operated engines, wood and coal burners, and had much experience in observing how far sparks would fly from them under similar conditions.

The defendant asked the witness this question: "From what you saw, how far would you say sparks would be thrown from one of those locomotives?" The question was excluded. Defendant excepted.

The point is decided in *Caton v. Toler*, 160 N. C., 105, opinion by *Justice Hoke,* wherein the distinction between expert and nonexpert evidence is clearly pointed out, and many authorities cited.

In that case it was held competent for nonexpert witnesses, qualified from observation and experience, to testify, as a statement of fact relative to the inquiry, that burning lightwood stumps under the conditions indicated were not dangerous, and not likely to throw sparks any distance.

*Deppe v. R. R.,* 154 N. C., 523, relied upon by the plaintiff, is easily distinguishable, for the reason given in the above cited case, viz.: "The answer sought was a deduction of the witness from facts in evidence, and involving clearly an opinion of the witness on the very question the jury were called on to decide."

New trial.