STATE v. VICTOR CHURCH.

(Filed 4 May, 1932.)

1. **Criminal Law G o—In this case held: there was error in respect to the admission of testimony relative to action of bloodhounds.**

   In this case *held*, error was committed in connection with the testimony relative to the action of bloodhounds. *S. v. McLeod*, 196 N. C., 542.

2. **Arson C c—Evidence held insufficient to be submitted to jury in prosecution under C. S., 4242.**

   Where, in a prosecution under C. S., 4242 for wilfully and wantonly setting fire to or burning a store-house, the evidence fails to establish the felonious origin of the fire or the identity of the defendant as the one who committed the offense charged, or circumstances from which these facts might reasonably be inferred, it is insufficient to be submitted to the jury, and on appeal the defendant's motion for judgment of nonsuit will be sustained. C. S., 4643.

APPEAL by defendant from *Moore, J.*, at December Term, 1931, of BURKE.

Criminal prosecution tried upon an indictment charging the defendant with wantonly and wilfully setting fire to or burning a store-house in Burke County, the property of one J. S. Hemphill, contrary to the provisions of C. S., 4242.

The only evidence relative to the origin of the fire is the following testimony of J. S. Hemphill:

"My home is about 50 to 75 yards from the store. I first learned that the store building was on fire when the light shined from the building into my room. The front part was on fire. I got up and got a bucket of water and threw it on the blaze thinking I could put it out. The fire was in the front part, the left front entering the door; it was outside. When I discovered the fire it was very small and I thought I could put it out with a bucket of water but when I threw water on the fire it flashed all over the front of the building and in a moment or two the glass burst and the flames went right inside. I threw water on the fire and it flashed on the building, about 3 feet from the porch on side of wall."

The State sought to connect the defendant with the burning by circumstantial evidence consisting of alleged similarity of tracks and purported trailing of bloodhounds.

The following excerpt from the charge forms the basis of one of defendant's exceptive assignments of error:

"If you find beyond a reasonable doubt that these dogs tracked the man and I charge you that these dogs as qualified and testified to by witnesses were dogs of experience and training and could track persons and when put on the track of a human being they follow that track and that alone."

From an adverse verdict and judgment of not less than 20 nor more than 30 years in the State's prison at hard labor, the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*S. J. Ervin and S. J. Ervin, Jr., for defendant.*

STACY, C. J. We agree with the learned counsel for the defendant that error was committed in connection with the testimony relative to the action of the bloodhounds (*S. v. McLeod*, 196 N. C., 542, 146 S. E., 409); and further that, upon the whole case, the evidence was not sufficient to be submitted to the jury on the charge of house-burning.

To show that the store was destroyed by fire, without establishing its felonious origin, or the identity of the defendant, or circumstances from which these facts might reasonably be inferred, falls short of proving the *corpus delicti* of the crime as charged in the bill of indictment. 7 R. C. L., 774. Hence, the motion for judgment of nonsuit should have been allowed. It will be sustained here as provided by C. S., 4643.

Reversed.