STATE v. REGINALD CUTHRELL.

(Filed 28 February, 1951.)

1. **Criminal Law § 28—**

Defendant's plea of not guilty places the burden upon the State to prove every fact necessary to establish guilt.

2. **Arson § 7—**

Defendant's plea of not guilty in a prosecution under G.S. 14-62 places the burden upon the State to prove (1) the fire, (2) that it was of incendiary origin, (3) and that defendant was connected with the crime.

3. **Arson § 6: Criminal Law § 31a—**

In a prosecution under G.S. 14-62 it is reversible error to admit opinion testimony that the fire was of incendiary origin since the facts constituting the basis for such conclusion are so simple and readily understood that it is for the jury to draw the conclusion from testimony as to the facts, and therefore the conclusion is not the subject of opinion testimony.

STATE *v.* CUTHRELL.

APPEAL by defendant from *Halstead, Special Judge,* and a jury, at the August Term, 1950, of CAMDEN.

Criminal prosecution upon a two-count indictment, charging the defendant, Reginald Cuthrell, with aiding, counselling, and procuring Bobby Gene Bowers to burn a building used by R. B. Cuthrell as a restaurant, and with conspiring with Bobby Gene Bowers to burn such building.

The building, which was located at Elizabeth City Beach in Camden County, was totally destroyed by fire on the night of 5 May, 1950.

The defendant entered a general plea of not guilty, and the State undertook to establish its charges against him by the testimony of his alleged accomplice, Bobby Gene Bowers.

Bowers testified, in substance, that he purposely set the building on fire at the instigation of the defendant, who promised to pay him· $50.00 for so doing, and who aided him in his incendiary undertaking by motoring him to and from the premises on the night of the fire.

The defendant denied the evidence of Bowers in its entirety. He testified further that he was in another place at the time of the fire, and had no knowledge as to its origin.

The State called as a witness M. O. Stevens, the Sheriff of Camden County, who inspected the scene of the fire after the building had been reduced to ashes. The court permitted Sheriff Stevens to express this opinion over the objection and exception of the accused: "From my observation of the scene of the fire, it looked to be as though it were set afire."

The jury convicted the defendant upon the first count, which charged him with aiding, counselling, and procuring Bobby Gene Bowers to burn the building in question, and acquitted him upon the second count, which charged him with conspiring with Bobby Gene Bowers to burn such building.

The court sentenced the accused to imprisonment for a term of years in the State's Prison, and he appealed, assigning errors.

*Attorney-General McMullan and Walter F. Brinkley, Member of the Staff, for the State.*

*John A. Wilkinson and H. S. Ward for the defendant, appellant.*

ERVIN, J. The first count in the indictment is bottomed upon the statute codified as G.S. 14-62.

A plea of not guilty to a criminal charge puts in issue every fact necessary to establish the guilt of the accused. *S. v. Meyers,* 190 N.C. 239, 129 S.E. 600; *S. v. Hardy,* 189 N.C. 799, 128 S.E. 152.

Where such plea is entered in a prosecution for common law arson or for the statutory felony of burning a building contrary to G.S. 14-62, it

is incumbent on the State to prove both the *corpus delicti,* and the connection of the accused with the crime. 6 C.J.S., Arson, section 29. The *corpus delicti* in such prosecution consists of two elements: the fire, and the cause of the fire. Annotation: 13 Ann. Cas. 803-804. The fire must be incendiary in origin. *S. v. Church,* 202 N.C. 692, 163 S.E. 874.

The statement of Sheriff Stevens, who visited the premises subsequent to the fire, that in his opinion the building was "set afire" is clearly incompetent. This is not a case for opinion evidence. The physical facts, which are the subject of the investigation, are so simple that they can be readily understood by the jury when properly described by the witness, and the jury is as well qualified as the witness to draw the appropriate inference from them. Stansbury on North Carolina Evidence, section 124; Wigmore on Evidence (3rd Ed.), section 1926.

The conclusion that the trial judge erred in admitting the statement of Sheriff Stevens has explicit support in well considered cases in other jurisdictions expressly excluding evidence of opinions of witnesses as to the incendiary nature of fires. *S. v. Nolan,* 48 Kan. 723, 29 P. 568, 30 P. 486; *People v. Grutz,* 212 N.Y. 72, 105 N.E. 843, L.R.A. 1915 D, 229, Ann. Cas. 1915 D, 167. See also: *Sawyer v. State,* 100 Fla. 1603, 132 So. 188; Wharton's Criminal Evidence (11th Ed.), section 956. It likewise has implicit support in our own decisions concerning related evidential matters. *Deppe v. R. R.,* 154 N.C. 523, 70 S.E. 622; *Cogdell v. R. R.,* 132 N.C. 852, 44 S.E. 618; *Burwell v. Sneed,* 104 N.C. 118, 10 S.E. 152.

The defendant's plea of not guilty denied the existence of the *corpus delicti,* and thus raised the precise issue whether the defendant's alleged accomplice, Bobby Gene Bowers, wantonly and willfully burned the building in question. The opinion of Sheriff Stevens, the chief law enforcement officer of Camden County, that the fire was of incendiary origin may have tipped the scales in favor of the prosecution, and induced the jury to resolve this crucial issue against the accused. This being so, the receipt of such opinion in evidence constitutes prejudicial error, entitling the defendant to a

New trial.