Battle, J.
 

 That the declarations of a slave as to the state of his health at the time when they are made, are admissible in evidence, in a suit against a white man, is settled. See
 
 Roulhac
 
 v.
 
 White,
 
 9 Ire. Rep. 63 ;
 
 Biles
 
 v.
 
 Holmes,
 
 11 Ire. Rep. 19, and the cases therein referred to. This was not disputed on the trial in the present case, and the declarations of the girl, Mary, as to her bodily condition, on several occasions, when she abstained from field-labor, were admitted without objection. The testimony which was excepted to, seems to us, to have been of the same character, and ought to have been received. The only perceptible difference beween it, and that which was admitted is, that it furnished additional evidence of its truthfulness. Its tendency was to show that the woman was not feigning illness with the view to avoid the performance of her duty as a field-hand. It was calculated, therefore, to furnish the very means which would enable the jury to determine whether she was speaking the truth, or uttering false complaints of sickness. In such cases, “ it must be left, (say the court in
 
 Biles
 
 v.
 
 Holmes,)
 
 to the good sense of the jury, connecting the declarations with the acts and looks of the party and other circumstances, to say how far such evidence is to be relied on.” Here, the offer of the woman to subject herself to the examination of the overseer, at the very time when she declared that she was then laboring under a disease, was a circumstance well calculated to show that she was not uttering a falsehood. It was, indeed, a part of the declaration, and could not fairly be separated from it, and in excluding it, we think the presiding Judge
 
 *436
 
 committed an error. The judgment must be reversed, and a
 
 venim da novo cmxwdad.
 

 Pee Cubiam. ■ Judgment reversed.