Pearson, C. J.
 

 A wife is not a competent witness for, or against, her husband;
 
 State
 
 v.
 
 Jolly,
 
 3 Dev. and Bat. 110. It follows that her
 
 declarations
 
 cannot be evidence for or against him; otherwise more weight is given to what she says, when not on oath, than to what she would say on oath; which is absurd.
 

 The declarations, in ' this case, were made shortly after the birth of the child and, we will suppose, as soon as the midwife arrived, at which time the act of delivery was
 
 over
 
 — “ a fact accomplished.” So, whether the child was born alive or dead, could in no wise affect or have any bearing upon that fact. The suggestion, therefore, that this declaration of the wife was admissible as a part of there®
 
 gestee,
 
 is not supported.
 

 The position that the declarations of the mother, in respect to her child, “ is
 
 natural
 
 evidence,” and admissible on that ground, is also untenable.
 

 This kind of evidence is not based upon the competency of the witness, for it is the evidence of facts, as distinguishable from the testimony of witnesses, as is said in
 
 Biles
 
 v.
 
 Holmes,
 
 11 Ire. 16.
 
 “
 
 The actions, looks and barking of a dog are admissible as
 
 nat/u-ral
 
 evidence upon the question as to his madness; so the squealing and grunting, or other expressions of pain made by a hog, are admissible upon a question as to the extent of an injury inflicted on him. This can, in no sense, be called the testimony of a hog or dog,” so the declarations and looks of a slave are admissible upon a question as to the condition of his health;
 
 Roulhac
 
 v. White,
 
 9
 
 Ire. 63 ;
 
 Wallace
 
 v. McIntosh, 4 Jones 434. But the declaration offered as evidence in this case, clearly, does not fall within the principle of natural evidence, instantly after the delivery the existence and presumed individuality of the child was distinct from, and had no further connection with the mother. So, although expressions of pain and declarations showing her
 
 own loodily condition
 
 on the part of the wife, would have been
 
 *377
 
 admissible, if material to the issue, yet, what she said in regard to the condition of the child was collateral, and had no natural guaranty of truth. It may have been the voluntary expressions of a mother’s grief; but, on the other hand, the declaration may have been made under the influence of her husband, whose estate, as tenant by the curtesy, depended on the fact of the child’s having been born alive. There is. no error.
 

 Per Curiam,
 

 Judgment affirmed.