HENRY BARNES, ADMINISTRATOR, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 2 April, 1913.)

1. Railroads—Negligence—Principal and Agent—Scope of Agent's Authority—Declaration—Rumors—Hearsay Evidence.

Where a railroad company is sued for the negligent killing of plaintiff's intestate, a fireman on defendant's train, owing to an alleged negligent defect in defendant's waterspout he was required to use in filling the locomotive with water, declarations of a station hand as to the condition of the spout, in plaintiff's favor, are not within the scope of the declarant's agency, and inadmissible as hearsay; likewise, rumors in the neighborhood to that effect, the latter being of less probative force than the former.

2. Evidence—Instructions—Testimony of One Witness—Appeal and Error.

Where damages are sought of a railroad company for negligence failing to supply its fireman with a proper appliance for his work, resulting in injury, and only one witness, defendant's engineer, had testified to a certain state of facts bearing thereon, a charge of the court that if the jury believed the injury occurred as one of the engineers said it did, particularizing the testimony, to answer the issue of contributory negligence "Yes," is not objectionable as singling out the evidence of one witness for the instruction, the instruction being upon the only evidence offered on that phase and pointed out to the jury by giving the name of the witness testifying thereto.

APPEAL by plaintiff from *Webb, J.,* at September Term, 1912, of ROBESON.

Civil action. These issues were submitted:

1. Was the death of plaintiff's intestate caused by the negligence of the defendant, as alleged in the complaint? Answer: No.

2. Did the plaintiff's intestate by his own negligence contribute to his injury, as alleged in the answer?

3. What damage, if any, is the plaintiff entitled to recover of the defendant on account of the alleged injury?

Plaintiff appealed.

*McNeill & McNeill for plaintiff.*
*McLean, Varser & McLean for defendant.*

BROWN, J. Plaintiff's intestate, John Stafford, was a fireman in the employ of defendant. He was killed at a water tank near Pembroke on defendant's railway. Plaintiff contends that the waterspout was broken and defective, and, because of its defective condition, suddenly broke from its attachments and struck Stafford and killed him. The defendant contends that Stafford went out on the tender to fill it from the spout, lost his balance accidentally, fell and was killed; that the spout and attachments were in good condition and not defective. The jury so found, and answered the first issue "No."

The plaintiff offered the declarations of Fulton Carter concerning this matter and proposed to prove them by William Lowrie. They were properly excluded. Carter was a station hand, and the alleged declarations were not within the scope of his authority. They are hearsay in every sense. *Lytton v. Manufacturing Co.,* 157 N. C., 331; *Younce v. Lumber Co.,* 155 N. C., 241; *Rumbough v. Improvement Co.,* 112 N. C., 751.

The plaintiff offered to prove that the condition of the tank "got to be a subject of neighborhood comment." A rumor is inferior in probative quality to hearsay, and is incompetent as evidence to establish a fact. *Hopkins v. Hopkins,* 132 N. C., 25; *Starkweather v. Benjamin,* 32 Mich., 305; 16 Cyc., 1213.

The plaintiff excepts to the following extract from the charge: "If you find that it occurred in the way and manner one of the engineers said it occurred, that he went up on the

tank and the spout was hanging up in its proper condition after the man fell; if you find that plaintiff's intestate was standing on the tender and the chain got caught, and the engineer told him to unloose the chain, and while he unloosed the chain he fell, slipped and fell to the ground, the court charges you that it would be your duty to answer the first issue 'No' and to answer the second issue 'Yes.' "

It is contended by plaintiff that his Honor in this portion of his charge singled out one witness, and told the jury if they believed this witness to find for the defendant.

We do not think the charge is such an infraction of the rule as to warrant a new trial. The charge merely states the facts and recites them to the jury, and instructed them substantially to answer the first issue "No," if they so found the facts.

A reference to the witness as one of the engineers, without calling his name, and he the only one who testified to these especial facts, could not well have had any prejudicial effect upon the minds of the jury.

His Honor had already fully and clearly stated all the contentions and evidence relied upon by the plaintiff.

Upon a perusal of the evidence and the entire charge of the court, we fail to find any substantial error. The learned judge who tried the case below seems to have been lenient to the plaintiff in the admission of evidence and in his charge to the jury. He not only stated at length the contentions of the plaintiff in their strongest light, but gave to the plaintiff an unusually exhaustive and fair charge upon the law bearing upon the issues.

The case seems to have turned entirely upon the condition of the tank, and involved solely an issue of fact.

The plaintiff offered evidence tending to prove that the spout was defective. The defendant introduced ten witnesses who testified that they used the spout shortly after the accident, and that it was not defective in any particular. This question was fairly presented to the jury and resolved in favor of the defendant. We find

No error.