This action is for recovery of the amount of an insurance policy upon the life of W. M. Bagley which had been duly assigned by him to the plaintiff. The defendant alleged that the insured in his application had made misrepresentations as to the name of the last physician who had been consulted by him prior to the application, and also that he had untruly represented therein that he was in good health at the time; that he had never had any palpitation or any disease of the heart nor chronic dyspepsia or disease of the stomach. These allegations were denied and raised issues of fact which were all found by the jury in favor of the plaintiff.
The first four assignments of error were abandoned. The fifth assignment was that the court permitted the admission of the medical certificate of Dr. Loftin which was attached to the application, it being shown that he was the regular medical examiner of said company. (573) This certificate was competent because it was part of the application and tended to corroborate the contention of the plaintiff that the deceased was in good health at the time of the issuance of the policy and was competent in contradiction of the allegations of the witnesses of defendant concerning the condition under which the policy was issued.
The sixth assignment of error was that a physician was asked the hypothetical question, if this statement annexed to the application by the medical examiner for the defendant was true, whether the applicant *Page 654 
could have had heart trouble. We are aware of no ground upon which this testimony could have been excluded. It was expert evidence which would materially aid the jury in coming to a conclusion as to the disputed fact whether the applicant had misrepresented his condition in that respect.
Assignments of error 7, 8, 9 and 10 are to the charge of the court on the second issue. This charge submitted to the jury whether they should find upon the facts deposed that certain conversations between the applicant and one or more physicians was merely an incidental matter or amounted to a consultation which made untrue the representation that the last physician consulted was Dr. Jones, in 1897, as stated in the application. We think the matter was fairly presented in the charge, and the jury found it against the defendant. They found that the deceased did not consult these doctors as physicians or professionally.
The case turned almost entirely upon disputed matters of fact, which were correctly presented to the jury under a very clear and impartial charge by the trial judge, and upon examination of all the assignments of error we do not find that a more minute discussion is needed. The application died in a few months after the policy was granted, and the defendant seems to have thought that, therefore, he must have been in bad health at the time of the application and had made misrepresentations. But the jury, upon all the evidence, found contrary to this contention.
No error.
Cited: Godfrey v. Power Co., 190 N.C. 32; Patrick v. Treadwell,222 N.C. 5; Bruce v. Flying Service, 234 N.C. 83.