J. O. PLUMMER v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 23 October, 1918.)

1. **Principal and Agent—Declarations—Evidence—Carriers of Passengers— Brakeman.**

   In an action for damages for sickness caused by the car of defendant railroad company not being properly heated in cold weather, declarations of a brakeman to the plaintiff, before entering the car as a passenger, as to the breaking of the heating pipe and the cold condition of the car, are incompetent as declarations of an agent which bind his principal.

2. **Evidence—Opinion—Expert— Witnesses— Issues of Fact— Questions for Jury—Appeal and Error.**

   An expert opinion should be based upon the assumption of the finding of the jury, and a medical expert opinion based only on a statement of the occurrences as made to him by his patient is an invasion of the province of the jury to find the facts.

ACTION tried before *Stacy, J.,* at January Term, 1918, of WAKE. From verdict and judgment for plaintiff defendant appealed.

*Douglass & Douglass for plaintiff.*
*Murray Allen for defendant.*

BROWN, J.  Plaintiff sues to recover damages for an alleged illness caused by tonsilitis claimed to have been caused by traveling in a "cold passenger car" of defendants from Raleigh to Norlina.

The plaintiff was permitted to testify to a conversation with the porter as to the breaking of a steam pipe before plaintiff boarded the train, and in which the porter said "it is pretty tough, but you know I am employed by the railroad and I dare not bother, because my job is at stake."

It is well settled that the declarations of an agent not a part of the *res gestæ* and made after the transaction are incompetent. *Lyman v. R. R.,* 132 N. C., 724; *Southerland v. R. R.,* 106 N. C., 105; *Barnes v. R. R.,* 161 N. C., 581.

In this last case it is held that declarations of a station hand as to the defective condition of a water tank are not admissible in an action for a fireman's death from the defective water tank.

Dr. L. E. McCauley, witness for plaintiff, was permitted to give a detailed history of plaintiff's case as related to him by plaintiff. This witness was permitted to testify as follows:

Q. State to the jury, in your opinion, from what Dr. Plummer described to you, whether that condition could have been produced by exposure on that train?

Objection by defendant.

A. It is perfectly possible from the history that he gave me, and highly probable——

Defendant moves to strike out answer; overruled; exception.

The objection should have been sustained. The form of the question permits the witness to decide the very question submitted to the jury upon the statement which the witness had received from the plaintiff. It permits the expression of an expert opinion based upon facts related by plaintiff to the witness, although the truth of the facts has not been passed upon by the jury. The opinion of an expert cannot be based upon an assumption of the truth of facts related to him either by a witness or any third person. The expert opinion must be based upon the assumption that the fact submitted to the expert has been established by the verdict of the jury. *S. v. Bowman,* 78 N. C., 509.

There are other assignments of error which we deem it unnecessary to discuss as they may not arise on another trial.

New trial.