HILL & BROOKS v. LOUISVILLE AND NASHVILLE RAILROAD COMPANY, SOUTHERN RAILWAY COMPANY, SEABOARD AIR LINE RAILWAY COMPANY, NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 21 November, 1923.)

**1. Evidence—Witnesses—Opinion—Facts at Issue—Questions for Jury.**

The opinion of a nonexpert witness is generally restricted to proof of facts within his personal knowledge; and this does not permit him to express his opinion concerning matters which the jury are required to decide.

**2. Same—Expert Witnesses—Negligence—Carriers—Railroads.**

An expert witness may only testify his opinion, within the confines of his professional experience, upon a supposititious statement of facts if found by the jury to exist upon the evidence, and where common carriers are sued for damages caused by their alleged negligence to a shipment of a carload of mules, while *in transitu*, he may not testify that, from their condition after the arrival of the shipment, as he then saw them, the damages were caused by exposure to the weather, or that the mules which had penumonia had been so exposed, these questions being of *facts in issue* for the jury to decide, and incompetent as expert opinion.

APPEAL by defendant S. A. L. Railway Co., from *Harding, J.,* at March Term, 1923, of UNION.

Civil action. There was allegation with evidence that the Louisville and Nashville Railroad Company received a carload of horses and mules to be transported over the lines of the defendants from East St. Louis, Ill., to Oakboro, N. C., and there to be delivered to the plaintiffs; that the animals were in good condition when shipped and bruised and diseased when delivered; and that their damaged condition was caused by the negligence of the defendants.

The defendants excepted to the introduction of the testimony herein stated.

By Dr. Spencer:

"Q. State whether or not you have an opinion satisfactory to yourself, Doctor, as to whether or not the condition of these animals as you saw it was due to the exposure to the weather, the inclemency of the weather? A. Yes, sir.

"Q. What is your opinion? A. I think those that developed pneumonia had been exposed. Possibly others had, too."

By J. D. Love:

"Q. State whether or not in your opinion the condition which you saw these animals in was caused by the treatment—state in what respect you think their condition was caused by the treatment they received? A. By their laying over."

By C. T. Brooks:

"Q. What did the appearance of these horses indicate was the cause of their condition? A. Bad treatment.

"Q. In what respect? A. It seemed to me they had been in an awful bad, nasty place and were awful gaunt, and had no great thing in the way of food and water."

The jury found that the alleged injuries were caused by the negligence of all the defendants except the Seaboard, and assessed the plaintiffs' damages at $1,650. The defendants, except the Seaboard, appealed.

HILL v. R. R.

*Parker & Craig for the plaintiffs.*
*Vann & Milliken and John M. Robinson for the defendants.*

ADAMS, J.  In the law of evidence no principle is more familiar than that which ordinarily excludes the opinion of a nonexpert witness. One who is called to testify is generally restricted to proof of facts within his personal knowledge, and is not permitted to express his opinion concerning matters which the jury are required to decide. *Omne sacramentum debet esse de certa scientia.*  *McKelvey* says, "Upon the question of the existence or nonexistence of any fact in issue, whether a main fact or evidentiary fact, the opinion of a witness as to its existence or nonexistence is inadmissible."  Evidence, 172. The principle is abundantly sustained by our decisions.  *Mullinax v. Hood,* 174 N. C., 607; *Deppe v. R. R.,* 154 N. C., 523; *Gilliland v. Board of Education,* 141 N. C., 482; *Pump Co. v. R. R.,* 138 N. C., 301; *Cogdell v. R. R.,* 130 N. C., 314.

In *Mule Co. v. R. R.,* 160 N. C., 253, Dr. McMackin, an expert veterinarian, was asked to state his opinion as to the cause of a mule's death, based upon his knowledge and experience and his *post mortem* examination.  He answered, "My opinion is that the mule was jammed up in the car."  The Court said: "This evidence was improperly admitted.  The question required him to testify not only as to the condition of the mule when he examined him, which was proper, but to go further and give his opinion as to the existence of a fact which was almost, if not quite, the equivalent of the one directly involved in the issue.  It would have been competent to have asked him if the death of the mule could have been caused by being jammed in the car, or, if the jury should find from the evidence that the mule had been jammed in the car and had received no other injury, could the death, in his opinion, be attributable to the jamming as its cause—that is, was it sufficient of itself to cause the death.  A question similar to the one admitted in this case by the court was asked in *Summerlin v. R. R.,* 133 N. C., 551, and excluded by the court, and we sustained the ruling, upon the ground that the witness was called upon to state a fact of which he had no personal or competent knowledge, and not merely the opinion of an expert.  The opinion of the witness should be based upon facts admitted or found, or upon his personal knowledge, and not upon the assumption of the fact.  The question should, therefore, be hypothetical or rather supposititious, in form, following the precedents as settled by our decisions.  *S. v. Bowman,* 78 N. C., 509; *S. v. Cole,* 94 N. C., 958; *S. v. Wilcox,* 132 N. C., 1120, and *Summerlin v. R. R., supra.*  The Court, in *Hitchcock v. Burgett,* 38 Mich., 501, held that "a physician cannot be asked his opinion as to the cause of an injury, judging merely

from the condition in which he found the patient, and without any knowledge as to how it took place." See, also, *National Union v. Thomas,* 10 App. Cases (D. C.), 277; *Carpenter v. E. T. Co.,* 71 N. Y., 574; *Van Zandt v. Ins. Co.,* 55 N. Y., 179; *Lumber Co. v. R. R.,* 151 N. C., 217, and cases cited at page 222."

It is clear that the evidence excepted to was admitted through inadvertent disregard of this rule, and that the witnesses were permitted to make known their opinion and judgment on questions which should have been submitted exclusively to the determination of the jury. Other exceptions present serious questions which may not arise again, and we refrain from discussing them. For error in the admission of evidence, the defendants are entitled to a

New trial.