I. C. NANCE ET AL v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 6 May, 1925.)

**1. Evidence—Principal and Agent—Declarations—Hearsay—Appeal and Error.**

   Statements of the agent of a railroad company as to the condition of its stockyard, where injuries to plaintiff's shipment of stock is alleged to have been caused from exposure in inclement weather, are not part of the *res gestæ* when made after the alleged injury has occurred, and are incompetent as hearsay, but the error may be cured by defendant's further evidence or admissions on the subject.

**2. Evidence—Experts.**

   *Held*, in this case the evidence given by an expert in answer to hypothetical questions was incompetent, applying *Hill v. R. R.*, 186 N. C., 475.

APPEAL by defendant from *Stack, J.,* at September Term, 1924, of MONTGOMERY.

*W. A. Cochran and R. T. Poole for plaintiffs.*
*Armstrong & Armstrong for defendant.*

ADAMS, J.   The plaintiffs bought a carload of horses and mules in Richmond, Virginia, and at 3 p. m., 28 March, 1923, delivered them to the Seaboard Air Line Railway for transportation to Troy, in Montgomery County.   The stock arrived in Raleigh the next day at 6 p. m. and were delivered to the defendant for carriage to the place of destination.   On 30 March, at 5 p. m., they were delivered to the plaintiffs. In a short time three of the mules died; others, it is asserted, were suffering with pneumonia.

On 29 May, 1923, the plaintiffs brought suit against the defendant to recover damages.   The alleged cause of action is the defendant's negligent failure to care for the stock after the car was received by the defendant in Raleigh and before it was forwarded to Troy.   Specifically, it was the alleged negligent keeping of the stock for several hours in an open stockyard without suitable nourishment and the negligent failure to protect the stock during this time from exposure to cold and rain.   To support these allegations the plaintiffs introduced three witnesses who not only testified that sometime in May "the agent in the station" at Raleigh pointed out to them the "pen" in which he said the stock had been confined when taken from the car, but informed them also as to the contents of an official record made more than a month before.   These witnesses were then permitted to testify concerning the condition of the "pen" as they found it to be in May.

This evidence was incompetent. The declarations of the agent were hearsay. "One of the most important of the rules excluding certain classes of testimony is that which rejects hearsay evidence. By this is meant that kind of evidence which does not derive its value solely from the credit to be attached to the witness himself, but rests also in part on the veracity and competency of some other person from whom the witness may have received his information." Jones on Ev. (2 ed.), sec. 297; *King v. Bynum,* 137 N. C., 491; *Chandler v. Jones,* 173 N. C., 427; *S. v. Springs,* 184 N. C., 768. The agent's statement to these witnesses was not competent as a declaration characterizing or qualifying an act presently done within the scope of his agency and constituting a part of the *res gestœ;* it was the narrative of a past event and, of course, inadmissible against the defendant. *R. R. v. Smitherman,* 178 N. C., 595, 599; *Jones v. Ins. Co.,* 172 N. C., 142; *Smith v. R. R.,* 68 N. C., 107.

But this error, otherwise ground for a new trial, was cured by the defendant's evidence. The testimony of W. N. Wilson, defendant's clerk, corroborates the plaintiffs' witnesses as to the condition of the stockyard. True, there is no direct evidence that the witnesses referred to same place, but the main allegation of negligence relates to the condition, not the situation, of the "pen," and as to this there is no substantial difference in the evidence.

We think, however, there was reversible error in the admission of Dr. Martin's answer to the hypothetical question put to him as an expert. His answer is almost identical with an answer which was disapproved in *Hill v. R. R.,* 186 N. C., 475. The reasoning in that case, which need not be repeated now, applies with equal force to the defendant's exception to the question and answer in the instant case. For this error the defendant is entitled to a

New trial.