J. C. MARTIN, ADMINISTRATOR OF S. W. MARTIN, DECEASED, v. P. H. HANES KNITTING COMPANY.

(Filed 13 May, 1925.)

**1. Appeal and Error—Questions and Answers—Objections and Exceptions—Evidence—Motions.**

Exceptions to answers unresponsive to questions should be made on motion to strike them out; and general exceptions to evidence incompetent only in part will not be considered on appeal.

**2. Evidence—Suffering—Hearsay.**

In an action to recover damages for a wrongful death resulting from a negligent personal injury, the remarks or ejaculations of the patient brought forth by present suffering are competent, though incompetent as to past suffering as evidencing the condition of the patient.

**3. Evidence—Expert Opinions—Physicians—Questions for Jury—Appeal and Error.**

In an action to recover of the employer of intestate damages for its failure to provide him a safe place to work, the death resulting several months after the injury, it is competent for a medical expert to testify his opinion in answer to a question hypothecated upon the jury's finding of negligence, that the injury so inflicted resulted in the intestate's death, and not objectionable as invading the province of the jury.

**4. Negligence—Proximate Cause—Instructions—Appeal and Error.**

Damages proximately caused by the negligent act of another and recoverable are the efficient cause of the alleged negligent act, not necessarily those that are nearest in time or space, and an instruction thereon given plainly in the substance of this principle is not error.

APPEAL by defendant from *Long, J.,* at the November Term, 1924, of YADKIN.

The intestate was an employee of the defendant. He was injured on 16 December, 1920, and died 1 August, 1921. It is alleged that he was a doffer, and that in performing the duties assigned to him he was required to carry his doffer box with great haste a distance of 150 or 200 feet over the floors of the defendant's mill; that the floors had been made slick and dangerous by the use of water and washing powders; and that the intestate, by reason thereof, had slipped and fallen with such violence as to cause the fracture of certain bones and other injuries which resulted in his death.

A second cause of action had reference to the alleged negligent employment of an incompetent physician, but the issues relating to it were not answered, and it need not be considered.

The verdict was as follows:

1. Was the death of plaintiff's intestate caused by the negligence of the Hanes Knitting Company, as alleged in the complaint of the plaintiff's first cause of action?

Answer: Yes.

2. What damage, if any, is plaintiff entitled to recover of the defendant, P. H. Hanes Knitting Company, on the first cause of action?

Answer: $5,000.00.

*Hayes & Jones and Williams & Reavis for plaintiff.*
*Swink, Clement & Hutchins for defendant.*

ADAMS, J. The first exception relates to the manner in which the physician had treated the intestate's injured knee; but the issues concerning the physician's alleged negligence were not considered or answered. The remainder of the witness' answer, if not competent as a dying declaration under C. S., 160, was not responsive to the question, and no motion was made to strike it out. *Dellinger v. Building Co.,* 187 N. C., 845. Moreover, a part of the evidence was unobjectionable, and it has often been held that a general exception will not be entertained unless all the evidence is incompetent. *Smiley v. Pearce,* 98 N. C., 185; *Rollins v. Wicker,* 154 N. C., 559; *Phillips v. Land Co.,* 174 N. C., 542.

The defendant excepted to evidence tending to show that the intestate "complained all the time—leg hurt him day and night." This evidence was admitted, not on the ground, as suggested by the defendant, that it was a dying declaration, but as indicating the declarant's bodily feeling and physical condition. Whenever it becomes material to show a person's condition of health or state of mind, his declarations may usually be received, in the words of *Chief Justice Ruffin,* as the "reasonable and natural evidence of the true situation and feelings of the person for the time being"; but when they refer to the past, such declarations are merely the narrative of one not on oath and, therefore, not admissible. *Roulhac v. White,* 31 N. C., 63; *Biles v. Holmes,* 33 N. C., 16; *Lush v. McDaniel,* 35 N. C., 485; *Wallace v. McIntosh,* 49 N. C., 434; *Gardner v. Klutts,* 53 N. C., 375; *S. v. Harris,* 63 N. C., 1, 6; *Howard v. Wright,* 173 N. C., 339, 343; *Jordan v. Motor Lines,* 182 N. C., 559. Exceptions 2, 3, 4, and 6 are, therefore, overruled.

The plaintiff propounded to Dr. Duncan, a medical expert, a hypothetical question intended to elicit his opinion as to the cause of the intestate's death. The defendant objected on the ground (1) that the hypotheses were not sustained by the evidence, and (2) that the witness was permitted practically to determine one of the essential elements in the first issue, and thereby to invade the province of the jury.

As to the first objection, it may be said there was evidence upon which to base the hypothetical question, and the trial judge was careful to admit the answer only upon the assumption that the jury should find the facts to be as recited in the question.

The second ground of objection also is without merit. *Summerlin v. R. R.,* 133 N. C., 550, does not sustain the defendant's position. There the plaintiff, a minor in an action for the recovery of damages for personal injury, alleged that her mother had been negligently thrown from a train upon the plaintiff, and on the trial this question was propounded to a medical expert: "If the jury find from the evidence that on 13 June, 1901, the mother of this child had it in her arms and on the platform of the rear end of the railroad car, and fell from that platform to the roadbed, and during last summer you made an examination of the child and found the condition of the child's left leg and hip as you testified, to what would you attribute those conditions?" The evidence was excluded because it required the witness, not to express a scientific opinion upon certain assumed facts, but to invade the province of the jury and to decide the very question in dispute as to the cause of the injury to the child. See, also, *Mule Co. v. R. R.,* 160 N. C., 252; *Plummer v. R. R.,* 176 N. C., 279; *Hill v. R. R.,* 186 N. C., 475. But in *S. v. Cole,* 94 N. C., 959, the testimony of an expert in medicine (based upon the jury's finding of hypothetical facts) that death had been caused by strychnia was held to be competent. This is the identical question in the exception we are considering. To the same effect are *S. v. Bowman,* 78 N. C., 509; *In re Peterson,* 136 N. C., 13; *Parrish v. R. R.,* 146 N. C., 125; *Lynch v. Mfg. Co.,* 176 N. C., 98; *Moore v. Accident Assurance Corp.,* 173 N. C., 532, 542.

These cases enunciate the principle that, while a medical expert may not express an opinion as to a controverted fact, he may, upon the assumption that the jury shall find certain facts to be as recited in a hypothetical question, express his scientific opinion as to the probable effect of such facts or conditions. It was upon this principle that the evidence excepted to was admitted and the witness allowed to express his opinion both as to the diagnosis and the practice approved in such cases by the medical profession.

We find no error in the instruction upon the first issue. The equivalent of "proximate cause" was given, though these words were not employed, and we do not see how the jury could have been misled. Proximate cause is the efficient cause, not necessarily that which is nearest in time or space. *Construction Co. v. R. R.,* 184 N. C., 179.

The motion to nonsuit was properly declined, and the remaining exceptions require no discussion.

No error.