JESS N. FORE v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

(Filed 26 February, 1936.)

**Insurance R c—Whether employee was disabled at time of termination of employment held for jury under conflicting evidence.**

> Plaintiff was insured under a group policy providing benefits to those insured thereunder for disability occurring while the policy was in force as to them, and that the insurance of each employee should terminate upon the termination of the employment. Defendant insurer's evidence was to the effect that plaintiff voluntarily quit his employment to enter into business for himself, that he thereafter operated a filling station and a restaurant, and continued in the restaurant business until within a few days of the trial. Plaintiff's evidence tended to show that he quit his employment because he was sick and unable to work, that he had a racking cough, and that while he was able to do little odd jobs, selling Coca-Cola and the like, he had not been able to do any work with reasonable continuity since he quit his employment, and introduced medical expert

testimony to the effect that he was suffering with pulmonary tuberculosis caused by working in close proximity to vats of acid in the plant of the employer under the group policy. *Held:* The conflicting evidence on the question of whether plaintiff was disabled at the time of quitting his employment was properly submitted to the jury, and defendant insurer's motion to nonsuit was correctly denied.

APPEAL by the defendant from *Oglesby, J.,* at November Term, 1935, of BUNCOMBE. No error.

This is a civil action, commenced in the general county court of Buncombe County, to recover on a certificate of life insurance providing for the payment of certain sums of money in the event the insured should become totally and permanently disabled while said certificate was in force, which said certificate was issued to the plaintiff by the defendant under a group policy of insurance in favor of the American Enka Corporation. It is provided in said certificate and group policy that in the event any employee, while insured under the aforesaid policy and before attaining the age of 60 years, becomes totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, the society, upon receipt of due proof of such disability, will pay certain disability benefits. It is further provided in said certificate and group policy that the insurance upon any employee shall automatically cease upon the termination of his employment by the holder of the group policy.

The plaintiff admits that after 26 September, 1934, he did not work for the American Enka Corporation, but alleges that on or before that date he became totally and permanently disabled within the meaning of the certificate and group policy.

The defendant contends that the plaintiff voluntarily quit his employment with the American Enka Corporation on 26 September, 1934, after working a full day and after having worked regularly for many months theretofore, and that he received compensation for his services up to and including that date, and that on said date the plaintiff served notice upon the American Enka Corporation that he was quitting his employment for the purpose of entering business on his own account. The defendant further contends that the plaintiff did, immediately after quitting his employment, enter business for himself by operating a filling station in West Asheville, which he carried on for some three or four months, and, upon disposing of said filling station, opened a restaurant in the city of Asheville, which he operated until within a few days of the trial of this action.

The case was tried in the general county court upon the following issue:

"Did the plaintiff become totally and permanently disabled by bodily injury or disease, on or before 26 September, 1934, to such extent that he will presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value ?"

The issue was answered in favor of the plaintiff and from judgment based on the verdict the defendant appealed to the Superior Court, assigning errors.

The case came on for hearing in the Superior Court, and the defendant announced that it would abandon all exceptions taken in the general county court except those relating to the motions for judgment as of nonsuit and to the signing of the judgment. The judge of the Superior Court overruled the appellant's exceptions and entered judgment affirming the judgment of the general county court, to which the defendant excepted and appealed to the Supreme Court, assigning errors.

*Cecil C. Jackson for plaintiff, appellee.*
*Parker, Bernard & DuBose for defendant, appellant.*

SCHENCK, J. The sole question presented on this appeal is whether the plaintiff became totally and permanently disabled while insured by the certificate issued to him under the group policy issued by the defendant to the American Enka Corporation.

The plaintiff, as a witness in his own behalf, testified that he went to work for the American Enka Corporation on 31 December, 1932, and continued to work there until about 26 September, 1934; that he worked in the spinning department, where there were two vats of acid on each side of the machine at which he worked, holding something like 300 gallons of acid, and after he had worked a while in this acid he began to lose weight and to take a hacking cough and had quite a bit of trouble in his throat, which caused him to go to see a doctor, who gave him an examination; that he left the employment of the American Enka Corporation because he was sick and wasn't able to work; and that since he has been away from this employment he has been sick, with no strength, underweight about 22 or 23 pounds, and has had a hacking cough, and when he tries to do any work he gives out and cannot do it.

Dr. Donald S. Tarbox, an admitted medical expert, testified for the plaintiff that he found the symptoms from which the plaintiff was suffering to be those most commonly found in pulmonary tuberculosis, and that the X-ray examination of the plaintiff by Dr. Murphy confirmed his findings. Dr. Tarbox further testified that he had an opinion satisfactory to himself as to what caused the plaintiff's condition, and that it was that the present respiratory infection was irritation of the lungs and

the toxic effect of the fumes of sulphuric acid; and that in his opinion the plaintiff would not make such a recovery as to get well and return to his ordinary work.

The defendant's witness, H. G. Setzler, testified in effect that he was the overseer of the spinning department of the American Enka Corporation, and that the plaintiff worked under him, and gave him notice on 26 September, 1934, that he was quitting work, and that the plaintiff said he was quitting because he was going into business for himself in West Asheville, and that he, the witness, made a memorandum of this statement in his book at the time it was made, and that plaintiff did not say anything about being sick or disabled.

The defendant offered testimony of other witnesses tending to show that the plaintiff worked full time up to and including 26 September, 1934, and received full pay therefor, and immediately after quitting his work he opened a filling station and later a restaurant, and had continuously worked up to the time of the trial of this action.

The plaintiff, in rebuttal, testified in his own behalf that he did not tell Mr. Setzler, his overseer, that he was quitting work to go into business for himself, but told him that he was quitting for some time on account of his health, and that while he had been able to do some little odd jobs, selling Coca-Cola and the like, he had not been able to continuously do any work for profit since 26 September, 1934.

There was other adminicular evidence for both plaintiff and defendant.

This case is distinguished from *Boozer v. Assurance Society,* 206 N. C., 848, relied upon by the defendant. The plaintiff in that case was discharged for violation of the rules of his employer, and up to the time of such discharge was able to and did fully perform all the duties of his employment, and did not suffer total disability until some months after his discharge. In the instant case the evidence as to the physical condition of the plaintiff at the time he ceased to work for the holder of the group policy, and as to the reasons for his quitting such work, as well also as to his physical condition since that time, was conflicting and clearly raised an issue for the jury. *Fields v. Assurance Company,* 195 N. C., 262; *Bulluck v. Insurance Company,* 200 N. C., 642; and *Gossett v. Insurance Company,* 208 N. C., 152, and cases therein cited.

There was no error in the action of the judge of the Superior Court in sustaining the denial of the motions for judgment as of nonsuit or in affirming the judgment of the general county court.

No error.