ANDREW J. BLANKENSHIP v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

(Filed 23 September, 1936.)

**Insurance R c—**

Evidence that plaintiff, insured under an employee's group policy, was disabled as defined in the policy at the time he ceased to be an employee *held* sufficient to be submitted to the jury in this case.

APPEAL from *Oglesby, J.,* at January Term, 1936, of HAYWOOD.    No error.

*Chester A. Cogburn and Smathers, Martin & McCoy for plaintiff, appellee.*
*DuBose & Orr for defendant, appellant.*

PER CURIAM.    This is an action to recover for total and permanent disability upon a certificate issued to the plaintiff, as an employee of the Champion Fibre Company, to which the defendant had issued a group life, health, and accident insurance policy.

The defendant admitted that the group policy and certificate were in effect on and before 16 June, 1932, the date plaintiff ceased to work for the fibre company, but denied that the plaintiff was totally and permanently disabled at that time as contemplated by the policy and certificate, and on appeal contends that its demurrer to the evidence and motion for judgment of nonsuit should have been sustained.

The defendant contends that this case is governed by *Thigpen v. Insurance Co.,* 204 N. C., 551; *Boozer v. Assurance Society,* 206 N. C., 848, and similar cases.    The plaintiff contends that the case falls within the principle enunciated in *Smith v. Assurance Society,* 205 N. C., 387, and *Fore v. Assurance Society,* 209 N. C., 548, and cases there cited.

The evidence tended to show that the plaintiff began work for the Champion Fibre Company on 1 December, 1931, and in December, 1931, he failed to work for several weeks on account of illness, but resumed work and continued it until 16 June, 1932, when he suffered a serious attack with his head and was forced to quit work; that he was unconscious for several days and was treated by a physician; that in 1934 for a month or two plaintiff worked on a PWA improvement project at Morning Star Schoolhouse, and in February, 1935, he worked awhile repairing sanitary privies, and later worked in a cannery project of the PWA at Waynesville; that while working at the Morning Star Schoolhouse the plaintiff was assigned to light work, using a small rake, but was sick off and on, and ofttimes had to lie down to prevent an attack with his head; that while working on the privies plaintiff used a saw and hammer, and later, because he could not do physical work without becoming ill, was put in charge of the crew and did a little work supervising the laying of a pipe line in West Canton; that the work he did at the cannery was carrying meat in a dishpan from one table to another, and that while performing this work he was taken with a severe attack with his head and was in the hospital several days, and when he went back to the cannery he was put to work stamping with a rubber stamp labels which went on the canned meat.    The evidence further tended

to show that plaintiff tended a few acres of land at different times during 1932, 1933, 1934, and 1935, where his son and some hired help did the work, except some little plowing for an hour or two a day, which plaintiff undertook to do; and that the plaintiff was also the deputy sheriff of Haywood County, upon a fee basis without salary, for a year or two prior to the trial of this case, and has served a few civil papers, arrested one or two men, and had assisted other deputies in raiding one or two illicit liquor distilleries; that during the whole period of time from 16 June, 1932, when plaintiff ceased to work for the Champion Fibre Company to 6 January, 1936, the time of the trial of this case, the plaintiff had earned less than $150.00, and that while he worked for the fibre company prior to 16 June, 1932, he earned $1,000 per year; that on 16 June, 1932, and since that time, plaintiff has suffered from a cyst or tumor of the brain.

We think, and so hold, that the evidence, when considered in the light most favorable to the plaintiff, as it must be on a motion for nonsuit, justified the inference that the plaintiff was on 16 June, 1932, "totally and permanently disabled by bodily injury or disease so as presumably to be thereby continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value," and for that reason the issue in the language of the certificate issued to the plaintiff by the defendant was properly submitted to the jury.

We have examined the exceptions to the evidence and to the failure to instruct the jury as requested, and find them without merit.

The jury having answered the issue in favor of the plaintiff, the judgment based upon the verdict must be affirmed.

No error.