This was an action to recover damages for a personal injury to the infant plaintiff, alleged to have been caused by the negligence of the defendants in the operation of an automobile.
There was evidence tending to show that on 18 July, 1941, the plaintiff, a child eight years of age, was riding in a Pontiac automobile driven by her father; that at a point a mile north of Hertford, the automobile in which she was riding was struck by a Buick automobile proceeding in the opposite direction, driven by defendants; that defendants' automobile was being driven at a high rate of speed, and that in attempting to traverse a sharp curve the automobile swerved and struck the automobile in which plaintiff was riding, and that as a result plaintiff fell from the seat to the floor of the automobile. It was further made to appear that previously, on 5 July, 1941, the plaintiff had accidentally broken her left arm above the elbow and at the time of the collision the fractured bone had been set, and was held in position by a plaster cast. It was contended by the plaintiff that as a consequence of the fall in the automobile, due to the collision, the cast was broken, and that it was subsequently discovered that the fractured ends of the bone in plaintiff's arm had separated. An operation was necessitated and a permanent injury resulted.
On the part of the defendants evidence was offered tending to show absence of negligence on the part of the defendants, and it was further contended that plaintiff's evidence failed to show that the separation of the ends of the fractured bone in plaintiff's arm was caused by the collision; and that upon failure of proof of this fact plaintiff could not maintain her case.
Defendants' motion for judgment of nonsuit was denied. Issues were submitted to the jury and verdict rendered for plaintiff establishing negligence and awarding substantial damages. From judgment on the verdict, defendants appealed. *Page 3 
An examination of the record leads us to the conclusion that plaintiff's evidence, considered in the light most favorable for her, was sufficient to warrant submission of the case to the jury, and that the motion for judgment of nonsuit was properly denied. However, we think there was error in the admission of testimony necessitating a new trial.
One of plaintiff's witnesses, Dr. W. H. Harrell, admitted to be a medical expert, testified, over objection, in response to questions, as follows:
"Q. Doctor, assuming the jury should find from the evidence and by its greater weight, that following Rose Marie's breaking her arm in the manner you have described on the 5th day of July, and that from that day until you saw her on the 11th day of July it was in the condition which you have heretofore described, that on the 18th day of July she was a passenger in an automobile being driven in Perquimans County, which was involved in an accident with a car driven by the defendant, Mr. Treadwell, the car in which she was a passenger being stricken with sufficient violence to throw her from the seat onto the floor of the car, and that as a result thereof the cast which you had put on her left arm was broken, that from the examination of her arm on the 11th day of July until this collision on the 18th the cast had remained intact, have you an opinion satisfactory to yourself as to what particular act of violence produced the injury to her arm which you saw on the 19th day of July?
"A. I have an opinion. It seems any violent blow or fall or jar or anything hard enough to break a cast would naturally break the fragments that had not had time to grow together properly.
"Q. Further assuming that the jury should find as a fact from the evidence and by its greater weight that that was the only act of external violence which she had sustained between the dates of July 11th and July 19th, have you such an opinion?
"A. Yes. I believe the accident caused the breaking of the cast and also caused the fragments of the bone to be knocked out of place.
"Q. You mean by that the automobile accident which we are talking about?
"A. Yes, sir.
"Q. You don't know what caused the dislocation of the bone?
"A. I know the accident did it, or whatever occurred."
The court below overruled defendants' objection to this testimony and permitted it to go to the jury. Defendants noted exception to this ruling, and assign same as error. *Page 4 
While some of this testimony was properly admitted in evidence, we think it was error to permit the witness to state his belief that the automobile accident in question "caused the fragments of the bone to be knocked out of place," or to testify, "I know the accident did it." It was competent for the expert witness to express an opinion as to the causes capable of producing the separation of the bones in plaintiff's arm, but having no personal knowledge, other than the subsequent discovery that the ends of the fractured bone were not in proper position, it was beyond his province as a witness to state to the jury as a fact that the result complained of was caused by the accident, that is, by the plaintiff's fall from the seat to the floor of the automobile, rather than by a blow, or a fall elsewhere or under other circumstances. That is the view taken by this Court inSummerlin v. R. R., 133 N.C. 550, 45 S.E. 898, where it was said: "It would be competent for a physician or surgeon, who is properly qualified to give an opinion, to state that an injury might have been caused by a fall from a car, or that such a fall, in other words, could have produced it; but when he is called upon to say that the injury was caused by the fall from a car and not by a fall from any other elevated place, or in any other way that might just as well have produced the same result, it is beyond his competency as an expert to speak upon the subject, for he will then be deciding a fact and not merely giving an expert opinion founded upon a given state of facts."
It has been frequently stated by the courts that the testimony of an expert witness should be excluded when it invades the province of the jury, or when it expresses an opinion on the very issue before the jury. UnitedStates v. Spaulding, 293 U.S. 498. But this rule is not inflexible, is subject to many exceptions, and is open to criticism. Wigmore on Evidence, secs. 1920, 1921. For it is well settled that a physician may be permitted to testify from personal observation, or upon the hypothesis of facts in evidence, as to cause of death, sanity, prognosis of disease or injury, and other matters which are directly in issue. McManus v. R. R., 174 N.C. 735,94 S.E. 455; Shaw v. Handle Co., 188 N.C. 222, 124 S.E. 325;Martin v. Hanes Co., 189 N.C. 644, 127 S.E. 688; Godfrey v. Power Co.,190 N.C. 24, 128 S.E. 485; S. v. Fox, 197 N.C. 478, 149 S.E. 735;Green v. Casualty Co., 203 N.C. 767, 167 S.E. 38; Yates v. Chair Co.,211 N.C. 200, 189 S.E. 500; Leonard v. Ins. Co., 212 N.C. 151,193 S.E. 166; George v. R. R., 215 N.C. 773, 3 S.E.2d 286. However, while the tendency is to liberalize the rule as to this class of opinion evidence, and to hold it admissible when it tends to aid the jury in the search for truth (S. v. Killeen, 79 N. H., 201), even when the opinion of the expert based upon peculiar knowledge, skill and experience is given as to the ultimate question in issue, this rule should not be relaxed to the extent of opening the door to the statement *Page 5 
of an evidential fact in issue beyond the knowledge of the witness under the guise of an expert opinion. As was said by Adams, J., speaking for the Court in Godfrey v. Power Co., 190 N.C. 24, 128 S.E. 485, "It is upon this principle that opinion evidence is admitted, but in admitting it the courts are vigilant to see that the province of the jury shall not be invaded, and to this end exclude, as far as possible, any inference or conclusion as to the ultimate fact in issue. Application of the rule is made in Nance v. R. R., 189 N.C. 638; Hill v. R. R., 186 N.C. 475;Smith v. Comrs., 176 N.C. 466; Kerner v. R. R., 170 N.C. 94; Mule Co.v. R. R., 160 N.C. 253; Deppe v. R. R., 154 N.C. 523. But it is not an inflexible rule, and it is frequently relaxed in the admission of evidence as to ultimate facts in regard to matters of science, art, or skill, as may be seen by reference to Holder v. Lumber Co., 161 N.C. 177; Ferebee v. R.R., 167 N.C. 290; Barrow v. Ins. Co., 169 N.C. 572; Moore v. Ins. Co.,173 N.C. 532, and to many other cases."
The objection to the admission of opinion evidence of expert witnesses on the ground that in the particular instance it invades the province of the jury has been expressed by this Court in several decisions. Summerlinv. R. R., 133 N.C. 550, 45 S.E. 898; Mule Co. v. R. R., 160 N.C. 252,75 S.E. 994; Hill v. R. R., 186 N.C. 475, 119 S.E. 884; S. v.Hightower, 187 N.C. 300, 121 S.E. 616. Compare, Rogers Expert Testimony, page 50, et seq. In Jones on Ev. in Civil Cases, sec. 372, it is said: "Whatever liberality may be allowed in calling for the opinions of experts or other witnesses, they must not usurp the province of the court and jury by drawing conclusions of law or fact upon which the decision of the case depends."
However, it would seem that the proper test is whether additional light can be thrown on the question under investigation by a person of superior learning, knowledge or skill in the particular subject, one whose opinion as to the inferences to be drawn from the facts observed or assumed is deemed of assistance to the jury under the circumstances. Wigmore, sec. 1923; 28 A.L.R. (note), 751. Undoubtedly it would be competent for an expert witness to give his opinion as to what causes would produce the result observed, but this would not permit him to inject into the consideration of the jurors the weight of his assertion that such result was in fact produced by a particular cause. The general rule is stated in 20 Am. Jur., page 653, as follows: "Opinion testimony of experts is only admissible in cases of necessity, where the proper understanding of facts in issue requires some explanation of those facts or some deduction therefrom by persons who have scientific or specialized knowledge or experience. Such testimony does, in a broad general sense, encroach upon the province of the jury; and when it relates to matters directly in issue, it should not be admitted unless its admission is demanded by the necessities of the individual case." *Page 6 
In this case the witness, Dr. Harrell, had set the broken bones of the plaintiff's arm 5 July, had seen it last before the accident 11 July, and saw it again after the accident 19 July. But it was not determined until 21 July that the broken ends of the bone were not in position, and the fracture was reset 1 August. The testimony of this witness, in the respects pointed out, to which exception was duly noted, must be held to have been improvidently admitted to the consideration of the jury, and that its admission was prejudicial to the defendants.
The case of Dempster v. Fite, 203 N.C. 697, 167 S.E. 33, is cited by plaintiff as an authority in support of the competency of the evidence offered, but it will be noted that in that case the Court said: "The hypothetical questions were not addressed to the issue of negligence, but on the issue as to the extent of the injury. The answer of the doctor `The accident caused the injury.' Taking the question and answer together, on the question of damages, we do not think the answer impinged the jury rule to such an extent that it should be held for prejudicial or reversible error." Here the evidence offered was addressed to the determinative question whether the plaintiff's injury was in fact caused by the negligence of the defendants, and under the facts of this case tended to give undue weight to the plaintiff's contention.
Other instances where the opinion evidence of a medical expert as to a material fact was held competent will be found in George v. R. R.,215 N.C. 773, 3 S.E.2d 286, and McManus v. R. R., 174 N.C. 735,94 S.E. 455. But in those cases the expert was permitted to draw inferences from facts which he personally observed, in the light of his professional knowledge and skill. These decisions may not be held controlling on the facts of this case.
We do not deem it necessary to discuss the other exceptions noted at the trial and brought forward in the defendants' assignments of error as they may not arise upon another trial.
For the reasons stated, there must be a
New trial.